CHARLES A. MORRILL V. RUTH MCNEILL.

FILED JUNE 22, 1905. No. 14,138.

1. **Review: INSTRUCTIONS.** Where a case has been reversed and remanded, with directions to the trial court to submit certain issues to the jury, and the case is tried a second time on the same issues made by the pleadings on the first trial, this court, on a second appeal, will examine and pass upon the correctness of the instructions of the trial court in submitting to the jury the issues which the court was directed to try and determine, notwithstanding a claim made on behalf of the defendant in error that error in such instructions is without prejudice to the plaintiff in error because of a former adjudication of such issues asserted by the defendant in error.

2. **Ratification of Settlement: INSTRUCTIONS.** The plaintiff pleaded the ratification by the defendant of a settlement made between him-

self and the defendant's husband, and produced competent evidence tending to prove such ratification. The court instructed the jury to the effect that, if they found that the defendant had ratified the settlement, they should find for the plaintiff, but failed to state what acts on the part of the plaintiff would amount to a ratification, and refused a proper instruction covering the question asked by the plaintiff. *Held,* Error.

3. Trial: THEORY OF CASE. Where the court and the parties to the action proceed in the trial of a case on the theory that the pleadings present a certain material issue not jurisdictional in its nature, this court will not on appeal examine the pleadings to determine their sufficiency to clearly make the issue.

ERROR to the district court for Logan county: ROBERT C. ORR, JUDGE. *Reversed.*

*Wilcox & Halligan,* for plaintiff in error.

*Hoagland & Hoagland, contra.*

DUFFIE, C.

This is an appeal from a judgment entered in favor of Ruth McNeill on a second trial of the case. The opinion of the court on the former appeal is found in 3 Neb. (Unof.) 220, where a full statement of the facts is given. The errors complained of by Morrill are that the court failed to properly submit to the jury the question of a ratification of the settlement made between Morrill and Allen McNeill after the property in question had been taken on the writ of replevin. On behalf of Mrs. McNeill it is urged that her plea of *res judicata* is fully sustained by the record and the evidence, and that the only questions which should have been submitted to the jury were the amount and value of the property claimed by her; that, in this view of the case, errors of the court in instructing the jury on other issues made are immaterial, such errors, if they exist, being without prejudice to the plaintiff in error. As we understand the record, the pleadings have not been changed or amended since the first trial. The issues were therefore the same. On the

former appeal the case was reversed and remanded for another trial because the court had failed to submit to the jury the question of the alleged settlement, and the ratification thereof by Mrs. McNeill.    This is conclusively shown by the language of the former opinion, from which we quote:

- "It is apparent that the only question submitted to the jury was that of the right to the possession of the property as beween plaintiff in error and the defendants in error at the time the replevin action was instituted.   No evidence was offered by plaintiff in error upon the merits of the controversy as presented at the commencement of the action, but the supplemental petition and all the evidence offered by plaintiff in error related solely to the settlement.    It is, therefore, clear that the issue presented by plaintiff in error in his supplemental petition, and supported by the evidence offered by him, is entirely taken from the consideration of the jury.   We do not express an opinion as to the weight of the evidence offered by plaintiff in error tending to establish the settlement. pleaded, or tending to establish the authority of Allen McNeill to represent his wife in such settlement; nor upon the evidence tending to show that the wife had full knowledge of the terms of such settlement, and accepted the benefits thereof, failing to question it for more than two years after it was consummated.   But we do say that sufficient competent evidence was offered by plaintiff in error and received by the trial court to require the submission of the question under proper instructions to the jury.   The rule is well settled in this state that a party is entitled to have his theory of a case, if it is supported by the pleadings and proof, submitted to the jury.   *   *   * For error of the trial court in withdrawing from the jury the question as to the existence and validity of the settlement pleaded, it is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings."

It will be seen, therefore, that the case was remanded

with directions to the trial court to submit the question of settlement and ratification to the jury, and to give them proper instructions relating thereto. This has become the law of the case, and the trial court had no discretion except to try the issues which this court specially directed should be heard and determined. If defendant in error was not satisfied with the former opinion, and if she thought this court went too far in remanding the cause for the special purpose of having the issues of a settlement and of a ratification of that settlement by Mrs. McNeill disposed of by the trial court, she should have taken steps to have the opinion reviewed, and such directions given and orders made as the facts and the law warranted. We do not understand that any objections were offered to the order made on the former appeal, and defendant in error cannot now, after the trial court has proceeded in obedience to the orders of this court, take exceptions to the action of the trial court in so doing. Neither can we overlook errors committed by the trial court in submitting to the jury issues which he was specially directed to try, or say that these errors were not prejudicial to the plaintiff in error because these issues were immaterial or had been settled at a former hearing.

Relating to the questions of the settlement made by Mr. McNeill with plaintiff in error, and its ratification by Mrs. McNeill, the court instructed the jury as follows: "Ninth. The jury are instructed that the plaintiff, in his supplemental petition, alleges, and seeks to prove the same by testimony introduced, that the defendant, Ruth McNeill, authorized her agent to consummate the settlement as alleged in plaintiff's petition, and further claims by her acts and language did ratify said agreement subsequent to its execution. If you find from the evidence that the defendant did so authorize her agent to consummate this alleged agreement, or that by her acts subsequently she ratified the same, then she is estopped from denying the validity of said contract, and your verdict should be for the plaintiff; but the question as to whether

she ever authorized her agent to execute such contract, or that she by her acts and language afterwards ratified the same, are questions for the jury to determine from all the evidence." There was evidence tending to show that after Morrill had commenced his action in replevin, and the sheriff had seized the property described in the writ, Mrs. McNeill sent for Callender, and desired him to effect a settlement of the case. It is conclusively shown that Callender and Allen McNeill, the husband of Ruth, met the attorneys for Morrill in the office of one Morrison on the evening of the second day after the levy; that a settlement was effected, by the terms of which Morrill was to release from the levy 100 bushels of corn, a like amount of wheat, certain horses, and all the agricultural implements taken on the writ, and that he was to allow McNeill the sum of $801 for the property not returned; that McNeill made a bill of sale to Morrill for all the property not returned to him, executing the same for himself and for his wife as her agent. There is other evidence tending to prove that, within a short time after this settlement was consummated, Mrs. McNeill knew of the terms of the settlement, and received back and had the benefit of such property as was returned; that she knew that the McNeill note to Morrill had been surrendered, and a new note taken for a balance of something in excess of $300 still due on the debt; and that she did not in any manner repudiate the act of her husband in acting for her, but, on the contrary, expressed herself as well satisfied to several parties who testified upon the trial. It was upon this state of facts that the instruction above quoted was given. Objection was taken to the instruction by Morrill, for the reason that the court did not define what acts were necessary on the part of Mrs. McNeill to constitute a ratification. An examination of the instruction will show that this objection is well taken. The court does not in this instruction, nor in any of the instructions given, attempt to inform the jury what act or acts on the part of Mrs. McNeill might be considered by them as a ratification on her part of her

husband's act in making the settlement, if she did not authorize him to do so in the first instance. Under this instruction the jury had to determine for themselves what, in law, would constitute a ratification, and the court submitted to the jury for their determination a question of law which it was his province alone to determine. To cure this defect in the instruction, the plaintiff below offered one or more instructions defining what acts on the part of Mrs. McNeill would constitute a ratification of her husband's act in making the settlement, and these instructions were refused by the court. As said in the former opinion, "The rule is well settled that a party is entitled to have his theory of the case, if it is supported by the pleadings and proof, submitted to the jury," and as there was competent evidence tending to show a ratificatio on the part of Mrs. McNeill, the court should have submitted that question to the jury by a proper instruction clearly defining what would constitute a ratification by her.

The record does not show that any objections were made in the trial court to the sufficiency of the pleadings setting up a ratification by Mrs. McNeill of the alleged settlement by her husband. The case was apparently tried upon the theory that the pleadings sufficiently presented that issue. It is now urged that the supplemental petition of Morrill does not state facts sufficient to show a ratification by Mrs. McNeill, or to estop her from claiming her property, and that a misdirection on that question should not work a reversal of the case. As before stated, the case was tried on the theory that the pleadings sufficiently presented the issue of a ratification by Mrs. McNeill of the settlement made by her husband; and after having tried the case on this theory, and without in any manner questioning the sufficiency of the pleading of the plaintiff to make that issue, she cannot now take advantage of its insufficiency, if it is defective, and gain an advantage by urging it for the first time in this court. The case must be tried here on the same

theory that obtained in the district court, and misdirection relating to issues which both parties accepted as presented by the pleadings will not be disregarded because the pleadings of one of the parties may be technically defective in making the issue. We do not wish to be understood as intimating that Morrill's supplemental petition did not fairly present the question of the ratification by Mrs. McNeill of the settlement made by her husband. That is a question which we are not called upon to examine or determine, the trial court and the parties having accepted it as doing so.

For the error pointed out, we recommend a reversal of the judgment.

JACKSON, C., concurs. ALBERT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.